**George C. DOEBEREINER,
Plaintiff–Appellant,**

v.

**SOHIO OIL COMPANY, d/b/a B.P. Oil Co., Inc., Gulf Products Division,
Defendant–Appellee.**

No. 88–5352.

United States Court of Appeals,
Eleventh Circuit.

Feb. 7, 1990.

Richard B. Warren, Fleming, Haile & Shaw, P.A., North Palm Beach, Fla., and Richard W. Farrell, Farrell & Barr, Stamford, Conn., for plaintiff-appellant.

Eben G. Crawford, Squire, Sanders & Dempsey, Miami, Fla., for defendant-appellee.

Before VANCE [*] and COX, Circuit Judges, and DYER, Senior Circuit Judge.

[*] Judge Robert S. Vance was a member of the panel which heard oral argument and participated in the initial decision in this case, but due to his death on December 16, 1989, did not

ON PETITION FOR REHEARING AND SUGGESTION OF REHEARING IN BANC

PER CURIAM:

Our opinion reported at 880 F.2d 329 (11th Cir.1989) is amended by substituting the following paragraph for the second literary paragraph of Part V B of our opinion, which is also that portion of our opinion published under headnote [2] at page 334 of West's Federal Reporter:

Neither "reasonable" nor "material" is defined in the PMPA or its legislative history. In interpreting this statute, however, we are not left unguided, for it is a fundamental canon of statutory construction that, unless otherwise defined, words will be interpreted as taking their ordinary, traditional meaning. *See, e.g., Burns v. Alcala,* 420 U.S. 575, 580–581, 95 S.Ct. 1180, 1184–1185, 43 L.Ed.2d 469 (1975). We look, therefore, to the common definitions of reasonable and material. Reasonable is defined as that which is fair, proper, just or moderate. *Black's Law Dictionary* 1138 (5th ed. 1979). Material means "being of real importance or great consequence." *Webster's Third New International Dictionary* 1392 (1981). Incorporating these definitions into section 2802(b)(2)(A), we conclude that Congress intended to permit termination or nonrenewal only when the franchisee's failure to comply involves a franchise provision that is both reasonable—that is, fair, proper, just or moderate—and of real importance or great consequence to the franchise relationship. This analysis necessarily involves an examination of the facts and circumstances surrounding the franchisor's inclusion of the provision in the franchise agreement as well as the franchisee's breach of the provision. To be true to the wording of the statute and commonplace definitions of those words, the court should not

participate in this order on petition for rehearing. This order is entered by a quorum. *See* 28 U.S.C. § 46(d).

judge the franchise provision from the perspective of either the franchisor or the franchisee. Instead, the court should determine reasonableness and materiality from the standpoint of a neutral observer. By reviewing the hours provision in the franchise agreement according to this objective standard, the court insures that the franchisee receives the heightened protection Congress intended while providing the franchisor the latitude necessary to exercise its business judgment. The court does not decide what hours the station is to operate; rather, the court, as a neutral third-party, decides whether the hours provision Gulf has included in the franchise agreement is reasonable and material.

The petition for rehearing is otherwise DENIED and no member of this panel nor other judge in regular active service on the court having requested that the court be polled on rehearing in banc, the suggestion for in banc consideration is DENIED.